UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
PAUL T. HILIGH,                    )
                                   )
            Petitioner,            )
                                   )
        v.                         )   Civil Action No. 10-1717 (RWR)
                                   )
FRANCISCO J. QUINTANA,             )
                                   )
            Respondent.            )
_____)

MEMORANDUM OPINION

In this action brought *pro se*, petitioner, a District of Columbia prisoner incarcerated at the United States Penitentiary Victorville in Adelanto, California, seeks a writ of *habeas corpus*. He challenges his conviction entered by the Superior Court of the District of Columbia, but he particularly takes issue with the alleged misapplication of "controlling authority" by the Court of Appeals for the District of Columbia on review of his conviction. Pet. at 5. Petitioner also claims that "[a] [c]onstitutional violation has resulted in the conviction of the [p]etitioner who is actually innocent." *Id*. For the following reasons, the petition will be denied.

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentences "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a). Such a motion "may be made at any time." D.C. Code § 23-110(b)(1). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the

United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[1] D.C. Code § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention").

Petitioner argues that his local remedy is inadequate because the D.C. Court of Appeals "misapplied controlling authority" in determining whether the trial court abused its discretion in denying his § 23-110 motion without a hearing. Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Mem.") at 2. But a federal district court lacks jurisdiction to review the decisions of the D.C Court of Appeals,[2] *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995), and a petitioner's unsuccessful attempt to collaterally attack his conviction or sentence by means of a motion under D.C. Code § 23-110(g) does not render the local remedy inadequate or ineffective. *See Branch-El v. United States*, No. 10-0328, 2010 WL 737337, at *1 (D.D.C. Mar. 2, 2010) ("The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective.") (citing cases); *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C.

---

[1] The phrase " '[r]emedy by motion' plainly refers to motions filed pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

[2] As to any claim based on the D.C. Court of Appeals' application of the law, petitioner's recourse lies, if at all, in a petition to the United States Supreme Court for a writ of certiorari. *See* 28 U.S.C. § 1257.

1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

Petitioner also claims that he is "actually innocent," Mem. at 2, but he bases this conclusion on the government's alleged failure during his criminal prosecution to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Mem. at 2 (Summary of Argument II) & 29-31. This presupposition falls far short of presenting "a colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454, (1986). Furthermore, petitioner could have raised his claims of innocence and *Brady* violations under D.C. Code § 23-110, which encompasses claims of "statutory or constitutional [violations] which resulted in a fundamental miscarriage of justice." *Bouknight v. United States*, 867 A.2d 245, 251 (D.C. 2005); *see id.* at 257 (noting that "the substance of [the appellant's] claim of actual innocence was submitted in his § 23-110 motion[,]" and that the "hearing on his § 23-110 motion dealt directly with his claim of innocence"); *Wright v. U.S.*, 979 A.2d 26 (D.C. 2009) (affirming the denial of a successive § 23-110 motion where "appellant knew or should have known of his *Brady* claims at the time his direct appeal was filed, and certainly by the time of his first § 23-110 motion"). Federal court review of his conviction and sentence therefore is unavailable. *See Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").

For the foregoing reasons, the petition for a writ of *habeas corpus* is denied. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: October 15, 2010  United States District Judge